## Case No. 11,941.

### In re ROBINSON.

[2 Lowell, 326.] [1]

District Court, D. Massachusetts.    April, 1874.

BANKRUPTCY—TIME TO PROVE DEBT—MEETING OF CREDITORS.

A fourth general meeting of a bankrupt's creditors having been called after the lapse of about five years from the date of the third, and of the bankrupt's discharge, for the purpose of declaring a dividend from assets unexpectedly realized,—*held*, that a creditor, having a just debt, might prove it at that meeting, and receive dividends, as provided by section 28 [of the act of 1867 (14 Stat. 530)], not disturbing the former dividends.

Three meetings were duly held in this case, a dividend was paid, and the bankrupt [J. S. Robinson] received his discharge. About five years afterwards funds came to the hands of the assignee from assets which had been considered worthless, and a fourth meeting was called, at which a second dividend was declared. A creditor holding a debt admitted to be just, and to be provable, unless he was too late in applying, offered to prove at this meeting. The register, at the request of the assignee, certified to the court the questions: 1. Whether the creditor could prove at this meeting. 2. If so, whether the dividend, or sum of money in the nature of a dividend, which he should receive, should be the same as if he had proved before the first dividend had been declared. No argument was made.

LOWELL, District Judge. I know of no provision of the statute which requires a creditor to prove his debt at any particular time. The proceedings are for the benefit of all the real and honest creditors; and, if one of them delays to prove, he merely takes the chance that an incompetent assignee may be chosen, or that other things which he might have prevented will be done, or that the estate may be fully divided before he proves; but when he does come in, he takes his share of the remaining assets with the others. This was expressly declared by section 13 of the original insolvent law of Massachusetts.

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

Minot v. Thacher, 7 Metc. [Mass.] 348. In revising and changing the law from time to time, this explicit declaration was dropped, and section 102, c. 118, Gen. St. simply says: "No creditor whose debt is proved at the time of the second or any subsequent dividend shall disturb any prior dividend;" but this undoubtedly implies that a creditor may prove at any such time, provided he do not interfere with former dividends. The bankrupt act (section 28 [14 Stat. 530], Rev. St., § 5097) would seem to have been taken from this section of our General Statutes. After providing for a third meeting, at which a second dividend shall be declared, which is to be final, if possible, it goes on to provide for further dividends in case funds afterwards come to the hands of the assignee. This follows closely sections 98–101 of the insolvent law (Gen. St. c. 118). Then follows in the same order the provision that no dividend already declared shall be disturbed by reason of debts being subsequently proved, which is not a literal copy of section 102, but seems to have the same meaning, that debts may be proved at any time, but they shall not compete with earlier proofs by disturbing dividends already declared. This has always been the practice here, under both the state and the national systems, and I know of no law, decision, or practice opposed to it. On the contrary, the law of bankruptcy has always been that debts may be proved at any time. The longest time that I know of was fifty-six years after the beginning of the proceedings; but there are several cases of proof after more than thirty years. Ex parte Johnson, 3 DeGex, M. & G. 218; Ex parte Peake, 2 Ch. App. 453. The only provision of the statute which has any tendency in the opposite direction is section 27 (Rev. St. U. S. § 5092), which requires the retention of sufficient funds when the first dividend is declared to meet any debts, which for any sufficient reason have not been proved. This protects the assignee in disregarding debts which have been delayed for no good reason, but does not mean that all debts offered after that time shall be rejected, unless good reason is shown for the delay. The creditor takes the risk, as I have said, that any dividend or dividends made in his absence will be final; but he is not barred by any law from coming in at the latest time at which it will benefit him to come in, if his debt be, as in this case, one above all suspicion or doubt, though the lapse of a very long time might reasonably give rise to doubt and call for explanation. Morris' Case [Case No. 9,825].

The second question is answered by the statute (section 28 [14 Stat. 530]; Rev. St. U. S. § 5097), which declares that such a creditor shall not interfere with former dividends, but shall be entitled to a dividend equal to that already received by the others, before any thing more is paid to them. I understand from the certificate that the assignee has funds enough to comply with the

law, without disturbing former dividends. Both questions are answered in the affirmative.